**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS ROSAS CARO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>　　　　Defendant. | CASE NO. EDCV 18-1012 AS<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On May 10, 2018, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits

---

[1] Andrew M. Saul, Commissioner of Social Security, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

and Supplemental Security Income. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13, 24-25). On August 28, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 16-17). The parties filed a Joint Stipulation ("Joint Stip.") on October 23, 2018, setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 18).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE RECORD**

On September 26, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), pursuant to Title II of the Social Security Act (the "Act"), alleging a disability onset date of November 12, 2011. (AR 216-22). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 75-104). On March 24, 2016, Plaintiff filed an application for Supplemental Security Income ("SSI"), pursuant to Title XVI of the Act, also alleging a disability onset date of November 12, 2011. (AR 232-39). On March 22, 2017, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge John Kays (the "ALJ").[2] (AR 43-56). The ALJ also heard testimony from Eric D. Schmitter, M.D., an impartial medical expert ("ME"), and David

---

[2] Plaintiff testified with the assistance of an interpreter. (AR 45).

A. Rinehart, an impartial vocational expert ("VE"). (AR 47-51, 54-56).[3]

On April 18, 2017, the ALJ denied Plaintiff's request for benefits. (AR 26-36). Applying the five-step sequential process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since November 12, 2011, the alleged onset date. (AR 28). At step two, the ALJ found that Plaintiff's obesity and degenerative joint disease of the left knee and status post left knee arthroscopic surgery with chondroplasty of the patella are severe impairments. (AR 28). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 30-31).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[4] and concluded that he can perform a range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[5] except:

---

[3] A hearing was initially held on February 9, 2016, but was postponed to allow Plaintiff to obtain representation. (AR 26, 69-74). A second hearing was held on July 6, 2016, but was continued to allow further development of the record. (AR 26, 57-68).

[4] The RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a

3

|   |   |
|---|---|
| 1 | [Plaintiff] can stand and/or walk for three to four hours |
| 2 | in an eight-hour workday with normal breaks; he can sit |
| 3 | without limitations with normal breaks; he is precluded |
| 4 | from kneeling with the left knee but stooping or crawling |
| 5 | can be done occasional [sic]; he can occasionally climb |
| 6 | ladders, ropes and scaffolds; he can frequently climb |
| 7 | ramps or stairs; and he can occasionally operate foot |
| 8 | pedals with the left lower extremity and is unrestricted |
| 9 | with the right lower extremity. |

(AR 31). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 34). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including electronics worker and assembler of small products. (AR 35-36). Accordingly, the ALJ found that Plaintiff was not under a disability as defined in the Act from November 12, 2011, through the date of the decision. (AR 36).

The Appeals Council denied Plaintiff's request for review on March 8, 2018. (AR 6-13). Plaintiff now seeks judicial review of

---

job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. 42 U.S.C § 405(g); see Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is relevant evidence "which a reasonable person might accept as adequate to support a conclusion." Hoopai, 499 F. 3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citation omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Commissioner's] decision simply by isolating a specific quantum of support evidence, but must also consider evidence that detracts from [the Commissioner's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

(citation and internal quotation marks omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

**DISCUSSION**

Plaintiff's sole claim is that the ALJ failed to resolve the apparent conflict between the VE's testimony and the language requirements described by the DOT. (Joint Stip. at 5-8, 13). After consideration of the parties' arguments and the record as a whole, the Court finds that Plaintiff's claim of error warrants remand for further consideration.

**A. The ALJ's Step Five Determination Was Not Supported By Substantial Evidence**

Based on the VE's testimony, the ALJ found that Plaintiff could not perform his past relevant work as a heavy machine operator but nevertheless found there are other jobs that exist in significant numbers in the national economy that he can perform, including electronics worker and assembler of small products. (AR 34-35; see id. 54-56). Plaintiff contends that the ALJ failed to

resolve an apparent conflict between the DOT and the VE's testimony regarding Plaintiff's language skills. (Joint Stip. at 5-8, 13).

At step five of the sequential evaluation process, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted). In making this finding, the ALJ determines "whether, given the claimant's RFC, age, education, and work experience, he actually can find some work in the national economy." Id. at 846 (citation omitted); see also 20 C.F.R. § 404.1520(g) ("we will consider [your RFC] together with your vocational factors (your age, education, and work experience) to determine if you can make an adjustment to other work"). The Commissioner may meet this burden by adopting the testimony of a VE or by reference to the Grids. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "In making this determination, the ALJ relies on the [Dictionary of Occupational Titles (DOT)], which is the [Agency's] primary source of reliable job information regarding jobs that exist in the national economy." Zavalin, 778 F.3d at 845-46 (citation omitted); see 20 C.F.R. § 404.1566(d)(1) (noting that the Agency "will take administrative notice of reliable job information available from various governmental and other publications," including the DOT); SSR 00-4p, at *2 ("In making disability determinations, [the Agency relies] primarily on the DOT . . . for information about the requirements of work in the national economy.").

The VE's occupational testimony should be consistent with the DOT. SSR 00-4p, at *2. "When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." Id. at *4. "For a difference between [the VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). When there is an apparent conflict between the VE's testimony and the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps.'" SSR 00-4p, at *2. In such a situation, the Commissioner has an affirmative duty to resolve the conflict -- for example, by eliciting a reasonable explanation from the VE -- before relying on the affected portion of the VE's testimony in support of a disability determination. Id.; see Zavalin, 778 F.3d at 846; Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). "The ALJ's failure to resolve an apparent inconsistency may leave [the court] with a gap in the record that precludes [the court] from determining whether the ALJ's decision is supported by substantial evidence." Zavalin, 778 F.3d at 846.

The ALJ found that Plaintiff "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." (AR 35) (citing 20 C.F.R. §§ 404.1564, 416.964). "Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of

8

education the person may have in another language." 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). The Agency's regulations "consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1). Defendant argues that "'[w]hile illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than data or people) and in those work functions at the unskilled level, literacy or ability to communicate in English has the least significance.'" (Joint Stip. at 10) (quoting 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(g)). This regulation, however, applies only to the Grids, which the ALJ found are not applicable here. (AR 35).

Plaintiff's RFC did not include the ALJ's language finding. (AR 31). Moreover, the two occupations identified by the VE -- electronics worker (DOT 726.687-010) and assembler of small products (DOT 706.684-022) -- are both classified as language level 2 positions. DICOT 726.687-010, 1991 WL 679633; DICOT 706.684-022, 1991 WL 679050. Unlike a language level 1 position, which requires only that the employee be able to speak and write simple sentences, a language level 2 position requires the employee to read at a rate of 190 words per minute, write compound and complex sentences properly, and speak clearly and distinctly with correct

pronunciation.[6] DICOT, App. C., 1991 WL 688702. The ALJ had an affirmative duty to inquire about any possible conflicts between the VE's testimony and the information provided in the DOT, see SSR 00-4p, which he failed to do here. (AR 54-56). Further, an obvious and apparent conflict exists between the language-level requirements of the electronics worker and the small products assembler positions and the ALJ's finding that Plaintiff is illiterate and unable to communicate in English. See generally Diaz v. Berryhill, No. 17 CV 4216, 2018 WL 1187530, at *6 (C.D. Cal. Mar. 7, 2018) ("A plain reading of the DOT's language level 1 definition requires language ability more advanced than someone who cannot speak English.").

Defendant contends that Plaintiff "conceded . . . that he could speak and understand English" and "had nearly 15 years of work experience in a skilled, language level 2 occupation thus demonstrating that his language skills are not work-prohibitive." (Joint Stip. at 10, 11). However, the Court is "constrained to review the reasons the ALJ asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947)). The court "review[s] only the reasons provided by the ALJ in the disability determination and

---

[6] Defendant asserts that the VE also identified hand packager as an occupation that Plaintiff can perform, which requires only language level 1 skills. (Joint Stip. at 10-11). But the hand packager is a medium job, and the ALJ found Plaintiff able to perform only light-level work. (AR 31). Thus, the ALJ found Plaintiff capable of performing only the electronics worker and assembler of small products positions, not the hand packager occupation. (AR 35).

10

may not affirm the ALJ on a ground upon which he did not rely." Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014). Here, the ALJ explicitly found that Plaintiff "is not able to communicate in English, and is considered the same way as an individual who is illiterate in English" (AR 35), which appears to conflict with the jobs identified by the VE. Thus, an apparent conflict existed between Plaintiff's ability to communicate in English and the DOT, which the ALJ failed to resolve. See Diaz, 2018 WL 1187530, at *6 ("Numerous cases . . . have found error in similar circumstances.") (collecting cases). Accordingly, the ALJ's step-five decision was not supported by substantial evidence and remand is required.

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81; see also Garrison, 759 F.3d at 1020 (cautioning that "the credit-as-true rule may not be dispositive

of the remand question in all cases"); cf. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("[T]he record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort of issues that should be remanded to the agency for further proceedings.").

Since the ALJ failed to properly evaluate an apparent conflict between the VE's testimony and the DOT, the ALJ's decision is not supported by substantial evidence. However, if the ALJ addresses this conflict, the record does not affirmatively establish that Plaintiff is disabled. Remand is therefore appropriate.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 6, 2019

/S/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE